MARK R. CONRAD (CA Bar No. 255667)
WARREN METLITZKY (CA Bar No. 220758)
**CONRAD & METLITZKY LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel:   (415) 343-7100
Fax:   (415) 343-7101
Email: mconrad@conradmetlitzky.com
Email: wmetlitzky@conradmetlitzky.com

BETH LITTRELL
(*pro hac vice* application forthcoming)
**SOUTHERN POVERTY LAW CENTER**
150 E. Ponce de Leon Ave, Suite 340
Decatur, GA 30030
Tel:   (404) 221-5876
Fax:   (404) 221-5857
Email: beth.littrell@splcenter.org

DANIEL J. KRAMER
(*pro hac vice* application forthcoming)
SARA E. HERSHMAN
(*pro hac vice* application forthcoming)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Tel:   (212) 373-3392
Fax:   (212) 492-0392
Email: dkramer@paulweiss.com
Email: shershman@paulweiss.com

Attorneys for Plaintiff TANYA GERSH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TANYA GERSH,<br><br>    Plaintiff,<br><br>  v.<br><br>ANDREW ANGLIN,<br><br>    Defendant. | CASE NO. 4:20-MC-80215-KAW<br><br>**MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR PRESERVATION ORDER PROHIBITING THE TRANSFER OR CHANGE OF REGISTRANT INFORMATION CONCERNING DEFENDANT/JUDGMENT DEBTOR'S DOMAIN NAME HOLDINGS** |

## I. INTRODUCTION

Plaintiff/Judgment Creditor Tanya Gersh was the victim of a campaign of anti-Semitic harassment and intimidation conducted against Ms. Gersh and her family by Defendant/Judgment Debtor Andrew Anglin through his neo-Nazi website, the *Daily Stormer*. In a prior action in the District of Montana, Ms. Gersh obtained a $14 million judgment against Mr. Anglin. In this action, Ms. Gersh seeks to satisfy that judgment by obtaining a writ of execution against assets owned by Mr. Anglin located in the Northern District of California.

Specifically, Ms. Gersh seeks to attach the Internet domain names under which the *Daily Stormer* is registered, including at least one such domain name held by a registrar in this District: Dynadot LLC ("Dynadot"). A preservation order is necessary to prevent Mr. Anglin from thwarting satisfaction of Ms. Gersh's judgment by transferring or otherwise disposing of the domain names before an attachment can be effected.

## II. FACTUAL BACKGROUND

### A. DISTRICT OF MONTANA JUDGMENT AGAINST ANGLIN

On August 8, 2019, Chief Judge Dana L. Christensen of the United States District Court for the District of Montana issued an Order directing the Clerk of the Court to enter judgment in favor of Ms. Gersh, and against Mr. Anglin, for $4,042,438 in compensatory damages and $10 million in punitive damages for a campaign of anti-Semitic harassment and intimidation that Mr. Anglin conducted against Ms. Gersh and her family through his neo-Nazi website, the *Daily Stormer*. Decl. of Marcelo A. Triana ("Triana Decl.") ¶ 2. Since the Judgment was entered, Ms. Gersh has been unable to collect any money from Mr. Anglin. This is due in part to Mr. Anglin's refusal to participate in any legal proceedings, including post-judgment discovery, the difficulty in locating any of Mr. Anglin's assets, and his repeated shifting of domain name registrations for the *Daily Stormer*. *Id.* ¶ 3.

Counsel has been unable to determine Mr. Anglin's whereabouts or the location of his residence. On September 2-3, 2020, Ms. Gersh served Mr. Anglin, via FedEx, with post-judgment discovery requests, returnable by October 4, 2020, at six Ohio addresses previously known to belong to Mr. Anglin. On September 4, 2020, Ms. Gersh also served these discovery requests by sending them to four email addresses belonging to Mr. Anglin. *Id.* ¶ 4. Through these discovery requests, Ms. Gersh sought

information regarding Mr. Anglin's assets, as well as his current and former residences and email addresses. *Id.* These discovery requests have been returned as undeliverable from four of the Ohio addresses and one of the email addresses. *Id.* Mr. Anglin has failed to respond to any of the requests, thus preventing Ms. Gersh from identifying Mr. Anglin's assets. *Id.*

**B.    DOMAIN NAME REGISTRATION**

When creating a website, a registrant must register a domain name with two separate entities: a registrar and a registry. A domain name registry is an organization that operates an authoritative master database of the domain names registered in a top-level domain ("TLDs") (e.g., ".com", ".net", ".org"). Decl. of Mark R. Conrad ("Conrad Decl.") ¶ 3. In other words, the registry controls the TLDs associated with it, and also possesses a record of each domain name registered under that TLD. *Id.* On the other hand, registrars are organizations that work directly with registrants (i.e., individuals or entities) seeking to register a domain name with the registry. *Id.* Registrars are responsible for collecting the required information from registrants, and the information they collect comprise the official record for each domain name's ownership. *Id.* Pursuant to an agreement with the nonprofit Internet Corporation for Assigned Names and Numbers, which oversees the Internet, registrars must create a public database of WHOIS data for each domain name it registered.[1] *Id.*

WHOIS ownership and registration information can be changed at any time by the registered owner or by someone working on the registered owner's behalf. *Id.* ¶ 5. A registered owner can change the ownership record by simply logging into their account with the registrar, through which the corresponding registration was processed, then go to their owner profile and input new registrant information. *Id.* Registrars do not and are under no obligation to verify that WHOIS ownership and registration information pertains to an actual person or entity, much less to the person or entity that actually owners or controls the domain name. *Id.*

---

[1] *See 2013 Registrar Accreditation Agreement*, ICANN, § 3.3.1, https://www.icann.org/resources/pages/approved-with-specs-2013-09-17-en#whois-accuracy (last visited Oct. 29, 2020) ("At its expense, Registrar shall provide an interactive web page and . . . a port 43 Whois service . . . providing free public query-based access to up-to-date (i.e., updated at least daily) data concerning all active Registered Names sponsored by Registrar in any gTLD.").

### C. ANGLIN'S DOMAIN NAME HOLDINGS

Mr. Anglin has described his website, the *Daily Stormer*, as a website "designed to spread the message of nationalism and anti-Semitism to the masses." Triana Decl. ¶ 5. By monitoring Mr. Anglin's internet postings, and through the use of Internet search engines, counsel for Ms. Gersh has identified 18 different domain names that Mr. Anglin has used to publish the *Daily Stormer*.[2] These domain names include: "dailystormer.com"; "dailystormer.net"; "dailystormer.name"; "dailystormer.red"; "dailystormer.ru"; "dailystormer.su"; "dailystormer.at"; "dailystormer.is"; "dailystormer.ai"; "dailystormer.ws"; "dailystormer.hk"; "dailystormer.top"; "punishedstormer.com"; "dailystormer.wang"; "dailystormer.cat"; "dailystormer.lol"; "dailystormer.al"; "dailystormer.ph". *Id.* The numerous domain names that have been used to publish the *Daily Stormer* reflects Mr. Anglin's frequent and ongoing efforts to avoid suppression of the site.

By searching the public WHOIS databases, counsel has identified Dynadot LLC ("Dynadot") as the registrar for the "dailystormer.red" domain name. Conrad Decl. ¶ 4. Dynadot is located in the Northern District of California (the "District"). *Id.* ¶ 2.

### D. RISK OF TRANSFER OR CHANGE OF WHOIS REGISTRANT INFORMATION RELATING TO ANGLIN'S DOMAIN NAME HOLDINGS

Ms. Gersh is seeking to attach the domain names for Mr. Anglin's websites held by Dynadot as registrar, including the *Daily Stormer*, as part of her effort to collect on the Judgment against him. There is a risk, however, that Mr. Anglin will try to transfer or change the registration before Ms. Gersh can affect the attachment to try to frustrate her collection efforts.

### III. ARGUMENT

Any and all domain names registered by Mr. Anglin with Dynadot, including but not limited to the *Daily Stormer* website, are intangible personal property that may be attached and used to satisfy the Judgment held by Ms. Gersh. To ensure that Mr. Anglin does not thwart satisfaction of the Judgment against him, this Court should enter a preservation order requiring Mr. Anglin and Dynadot to preserve

---

[2] *See* Aja Romano, *Neo-Nazi Site Daily Stormer Resurfaces with Russian Domain Following Google and GoDaddy Bans*, Vox (Aug. 16, 2017 1:30PM), https://www.vox.com/culture/2017/8/16/16156210/daily-stormer-russian-domain-godaddy-google-ban.

the domain names at issue until Ms. Gersh's claims to them are resolved.  The intangible personal property should be preserved by notification to Dynadot by the levying officer, the United States Marshall Service, that the domain names shall be preserved.

### A. ANGLIN'S DOMAIN NAME HOLDINGS ARE PERSONAL PROPERTY THAT ARE SUBJECT TO ATTACHMENT

Pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, Ms. Gersh's efforts to satisfy her judgment by attaching property in this District are governed by California law.

Domain names are personal property subject to attachment under California law.  *See Office Depot Inc.* v. *Zuccarini*, 596 F.3d 696, 701 (9th Cir. 2010) (affirming attachment of domain name in collection action and ruling: "[W]e have already held that domain names are intangible property under California law."); *Kremen* v. *Cohen*, 337 F.3d 1024, 1030 (9th Cir. 2003) (finding plaintiff had an intangible property right in his domain name).  The Ninth Circuit has ruled that, "like other forms of property, domain names are valued, bought and sold, often for millions of dollars, and they are now even subject to *in rem* jurisdiction." *Kremen*, 337 F.3d at 1030 (citations omitted).

California law permits a judgment creditor to pursue property belonging to a judgment debtor but in the possession of a third party.  All property that is subject to enforcement of a money judgment, including property in the possession of a third party, may be levied upon under a Writ of Execution.  *See* Cal. Civ. Proc. Code §§ 695.010, 699.710, 701.010.

### B. A PRESERVATION ORDER IS NECESSARY TO PREVENT ANGLIN'S DOMAIN NAMES TO BE TRANSFERRED OR OTHERWISE DISPOSED OF BEFORE MS. GERSH IS ABLE TO EFFECT ATTACHMENT OF THEM

Section 699.070 of the California Code of Civil Procedure permits a party to move *ex parte* for a "preservation order," pursuant to which the court "may appoint a receiver or order the levying officer to take any action the court orders that is necessary to preserve the value of property levied upon" under certain circumstances, including "for some other reason the interests of the parties will be best served by the order." Cal. Civ. Proc. Code § 699.070(a).

Here, Ms. Gersh is seeking a preservation order to prevent Mr. Anglin from taking any action to interfere with her ability to attach the domain names held by Dynadot, such as by transferring or

otherwise disposing of the domain names. Given Mr. Anglin's history of abusive conduct, his use of multiple domain names, and his refusal to comply with discovery orders, a preservation order is warranted as an extra measure of protection against such interference. The preservation order would cause no prejudice to Dynadot, as it would merely preserve the status quo in regard to Mr. Anglin's domain names while Ms. Gersh proceeds with the Writ of Execution and Notice of Levy process.

**IV.    CONCLUSION**

For the reasons stated above, the proposed preservation order should be entered, the United States Marshall Service should be directed to serve Dynadot with notice of the order directing it to preserve the domain names at issue, Dynadot should be ordered to provide the United States Marshall Service with such documentation as is necessary to establish which domain names owned by Anglin are registered with Dynadot, and the Court should grant Ms. Gersh such other relief as the Court deems necessary and proper.

DATED: December 1, 2020         Respectfully submitted,

CONRAD & METLITZKY LLP

*/s/ Mark R. Conrad*
MARK R. CONRAD
WARREN METLITZKY
Attorneys for Plaintiff